IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **HEALTH CARE INDUSTRY LIABILTY RECIPROCAL INSURANCE COMPANY RRG** *d/b/a* **HEALTHCAP,**<br><br>Plaintiff,<br><br>v.<br><br>**HRW, INC., d/b/a THE BLESSING CENTER,**<br>Serve:  Joshua Williams<br>          135 El Rancho Drive<br>          Hannibal, Missouri 63401<br><br>**JOSHUA WILLIAMS,**<br>Serve:  135 El Rancho Drive<br>          Hannibal, Missouri 63401<br><br>**RELIANT CARE MANAGEMENT COMPANY, L.L.C.,**<br>Serve:  Robert J. Craddock<br>          1869 Craig Park Court<br>          St. Louis, Missouri 63146<br><br>**WENTRIC WILLIAMS, SR.,**<br>Serve:  127 El Rancho Drive<br>          Hannibal, Missouri 63401<br><br>**ELIZABETH HALL, Individually and in a Representative Capacity for All Persons Identified by § 537.080 RSMo.**,<br>Serve:  1401 Cypress Drive<br>          Pacific, Missouri 63069<br><br>Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Health Care Industry Liability Reciprocal Insurance Company RRG *d/b/a/*

HealthCap ("HealthCap"), by and through the undersigned counsel and pursuant to 28 U.S.C. §

{00215329.DOCX}

2201 and Federal Rule of Civil Procedure 57 brings this Complaint for Declaratory Judgment and states:

## PARTIES

1. HealthCap is a foreign insurance agency organized and existing under the laws of the District of Columbia, with its principal place of business in the State of Michigan and is, therefore, a corporate citizen of the State of Michigan and the District of Columbia, and at all times was authorized to do business in the State of Missouri.

2. Defendant HRW, Inc., d/b/a The Blessing Center ("HRW"), is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri and is, therefore, a corporate citizen of the State of Missouri.

3. Defendant Joshua Williams is the president of HRW and, upon information and belief, a resident and citizen of the State of Missouri.

4. Defendant Reliant Care Management Company, L.L.C. ("Reliant"), is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri and is, therefore, a corporate citizen of the State of Missouri.

5. Defendant Wentric Williams, Sr., upon information and belief, is an officer of Reliant and a resident and citizen of the State of Missouri.

6. Defendant Elizabeth Hall, upon information and belief, is a resident and citizen of the State of Missouri.

## JURISDICTION AND VENUE

7. A current case and controversy exists between the parties because this Complaint for Declaratory Judgment is initiated pursuant to Federal Rule of Civil Procedure 57 and the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* to obtain a declaration of HealthCap's legal rights and obligations under a policy of insurance issued to defendant HRW.

8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because this case is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. §§ 1391(b)(1) and Local Rule 2.07 because Defendants HRW resides in the Northern Division of the Eastern District of Missouri, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the Northern Division of the Eastern District of Missouri.

## GENERAL ALLEGATIONS

10. HealthCap brings this action seeking the interpretation of a policy of insurance issued in Missouri to defendant HRW and a declaration of its rights and obligations thereunder.

### THE UNDERLYING INCIDENT

11. The Blessing Center is a skilled nursing facility located at 300 and 302 N. Main Street, Edina, Missouri 63537.

12. On May 20, 2017, James Patterson committed suicide while a resident of The Blessing Center.

13. The Missouri Department of Health and Senior Services investigated the suicide shortly after the incident and found deficiencies in the actions of the Blessing Center including that "[t]he facility failed to provide protective oversight" to Mr. Patterson. This finding of deficiency was presented in writing to The Blessing Center and acknowledged in writing by The Blessing Center on May 21, 2017.

14. The Missouri Department of Health and Senior Services performed an additional survey as a part of its investigation into Mr. Patterson's death at The Blessing Center and cited the facility, finding it violated 19 CSR 30.86.043(43) in failing to provide protective oversight to Mr. Patterson. This citation was acknowledged in writing by the Blessing Center on June 21, 2017.

15. By letter dated July 27, 2017, an attorney for Mr. Patterson's daughter, Elizabeth Renka, forwarded Ms. Renka's request to The Blessing Center that her father's medical and billing records from February 20, 2017, to May 20, 2017, be forwarded to her attorney.

### THE INSURANCE POLICY

16. On May 10, 2018, HRW applied for insurance with HealthCap by submitting an Assisted/Independent Living New Business Application ("Original Application"), executed by Joshua Williams, President.

17. HRW was then insured by a different insurance company.

18. As depicted below, HRW responded "No" to the question in Section 12, "Possible Claims," of the Application, which asked: "Are you aware of any facts, incidents or circumstances that may lead to a claim?"

> **12. Possible Claims**
> Are you aware of any facts, incidents or circumstances that may lead to a claim? If yes, provide details in additional information section.
> ☐ Yes   ☒ No

19. The Application stated: "Please note that failure to disclose known facts, incidents, or circumstances that subsequently lead to a claim may void coverage under your policy."

20. HealthCap subsequently issued HRW a claims-made policy of insurance, No. HRG-TN01-0073-SP-01, with coverage effective dates of May 18, 2018, to May 18, 2019.

21. HRW was the only Named Insured on Policy No. HRG-TN01-0073-SP-01, which provided coverage for certain HRW facilities, including The Blessing Center.

22. On January 29, 2019, HRW submitted to HealthCap an "Assisted/Independent Living Renewal Application" ("2019 Renewal Application"), signed by "Joshua Williams, CEO."

23. In signing the 2019 Renewal Application, HRW again indicated that it was not "aware of any facts, incidents or circumstances that may lead to a claim" as depicted below.

> **9. Possible Claims**
> Are you aware of any facts, incidents or circumstances that may lead to a claim? If yes, provide details in additional information section.
> ☐ Yes   ☒ No
>
> Please note that failure to disclose known facts, incidents, or circumstances that subsequently lead to a claim may void coverage under your policy.

24. The 2019 Renewal Application again cautioned that the "failure to disclose known facts, incidents or occurrences that subsequently lead to a claim may void coverage."

25. HRW subsequently renewed the claims-made policy of insurance and issued to HRW Policy No. HRG-TN-01-0073-SP-02 with effective dates of May 18, 2019, to May 18, 2020.

26. In 2020, HealthCap renewed the claims-made policy of insurance and issued to HRW Policy No. HRG-TN-01-0073-SP-03, with effective dates of May 18, 2020, to May 18, 2021 ("2020 Policy"). A copy of the 2020 Policy is attached hereto as Exhibit 1.

27. Professional Liability Coverage Senior Living Community, Form RRG_CM_PL_090114 was made part of the policies of insurance issued by HealthCap to HRW, including the 2020 Policy at issue here.

28. The Professional Liability Coverage Senior Living Community, Form RRG_CM_PL_090114, states, in relevant part:

> **Section I - Coverages**:
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS**.
>
> b. We will have the right and duty to defend the insured against any "suit" seeking those damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" for "injury" to which this insurance does not apply. We may at our discretion investigate any "medical incident" and settle any actual or potential claim that may result.
>
> \* \* \*
>
> **2. Exclusions**: This insurance does not apply to:
>
> a. **Contractual Liability.** "Injury" for which the insured is obligated to pay "damages" by reason of the assumption of liability in a contract or agreement. This includes but is not limited to any contract or agreement between a physician or surgeon and the insured. This exclusion does not apply to any warranty, or fitness or qualify of goods or products.
>
> \* \* \*
>
> **Section VI – Definitions:**
>
> \* \* \*
>
> 4. "Damages" as used in this Coverage Form means all damages to which this insurance applies. This includes damages for death.
>
> \* \* \*
>
> 7. "Injury" means "bodily injury," personal injury, and care or loss of services resulting from "bodily injury".

6

* * *

10. "Medical Incident" means an act or omission in the furnishing of professional services by an insured. This includes an act or omission by a person acting under the direction, control and supervision of the insured. An act or omission together with all related acts or omissions in providing service to any one person shall be considered one "medical incident".

29. "Pending & Prior Litigation and Known Occurrence Exclusion Endorsement," Form RRG_CM_KOE_090114 ("Known Occurrence Endorsement"), was made part of the policies of insurance issued by HealthCap to HRW, including the 2020 Policy at issue in this action.

30. The Known Occurrence Endorsement states, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**Professional Liability Insurance Coverage Form**
**Sexual Misconduct Liability Coverage Form**

    **a.** The coverage does not apply under any Liability Coverage, to "bodily injury", "property damage", "personal injury", "advertising injury", "injury", mental anguish, or emotional distress arising out of an "occurrence", "medical incident", or an act of "sexual misconduct":

* * *

    **(2)** That is known or that should reasonably have been known to the Named Insured or any executive officers, partners, members or senior managers of the Named Insured as of May 18, 2018[.]

31. "Missouri Changes - Cancellation and Nonrenewal" Endorsement, Form RRG_CM_M)_092005 ("Cancellation Endorsement"), was made part of the policies of insurance issued by HealthCap to HRW, including the 2020 Policy at issue in this action.

32. The Cancellation Endorsement provides that HealthCap may cancel the policy for "[f]raud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this  policy[.]"

7

33. Neither Reliant nor Wentric Williams, Sr., are Named Additional Insureds under any policy of insurance issued by HealthCap to HRW, including the 2020 Policy.

34. In addition to the foregoing provisions, HealthCap hereby pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Original Policy and the Renewal Policy that may also be found to be applicable, and HealthCap reserves the right to further amend this Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## THE UNDERLYING LAWSUIT

35. On January 10, 2021, Plaintiff Elizabeth Hall, individually and in a representative capacity for all persons identified by RSMO. § 537.080, brought suit in the Circuit Court of Knox County, Missouri as Case No. 21KN-CC00001, denominated *Elizabeth Hall v. HRW, Inc. d/b/a The Blessing Center, et al.* (the "Underlying Suit"), naming as defendants HRW, Reliant, Joshua Williams, and Wentric Williams, Sr. (collectively the "Hall Defendants").

36. In Plaintiff's Petition for Damages (the "Petition"), Ms. Hall alleges that Mr. Patterson died as a result of the negligence of the Hall Defendants and seeks both compensatory and punitive damages. A copy of the Petition is attached as Exhibit 2.

37. In Count I of her Petition, Ms. Hall alleges "Corporate Negligence" against the Hall Defendants, asserting that the defendants understaffed and undercapitalized The Blessing Center during Mr. Patterson's residency and, "as a direct and proximate result of defendants [sic] acts resulting in an understaffed and undercapitalized residential care facility through 2017," Mr. Patterson suffered "severe pain, anxiety, mental distress, and death" and Ms. Hall suffered damages.

38. In Count II of her Petition, Ms. Hall asserts a claim for "Wrongful Death Against All Defendants," alleging that, "[a]s a direct and proximate result of the individual and collective acts of negligence of defendants . . . [Mr. Patterson] suffered severe pain, anxiety, mental distress, and death" and Plaintiff suffered damages.

39. The Petition does not set forth a Count III.

40. In Count IV of Plaintiff's Petition, denominated "Agency Liability," Ms. Hall collectively identifies Reliant, Wentric Williams, Sr.; and Joshua Williams as the "Agency Defendants," and asserts "[t]he Agency Defendants are liable because Blessing Center breached its duties by failing to ensure Blessing Center had appropriate policies and procedures for its nursing staff; was properly capitalized, funded, staffed; and that staff received adequate training and supervision while [Mr. Patterson] was a resident at Blessing Center."

41. HRW and Joshua Williams sent the Petition to a representative of HealthCap requesting a defense and indemnity pursuant to the 2020 Policy.

42. Reliant and Wentric Williams, Sr., tendered the Petition to HealthCap requesting a defense and indemnity under the 2020 Policy of insurance issued to HRW, pointing to a provision in a Residential Care Facility Lease Agreement ("RCF Agreement") between HRW and Reliant that states HRW will "indemnify and hold harmless Manager from and against any losses, costs, damages, claims or expenses, including reasonable attorney's fees, for any claim that may brought against Manager, its partners, officers, agents, and directors or assignees arising out of or as a result of operation of the Facility; provided that in no event shall such indemnification extend to any loss, cost, damage or claim or expense to the extent the same arises or results from Manager's negligence or misconduct."

9

43. Following a review of the Petition, HealthCap agreed to provide a defense to the Hall Defendants under a complete reservation of rights to deny coverage.

## GROUNDS FOR DECLARATORY JUDGMENT

44. An actual case or controversy of a justiciable nature exists between HealthCap and Defendants concerning the rights and obligation of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

45. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

46. All necessary and proper parties are before the Court with respect to the matters in controversy.

47. HealthCap has no adequate remedy at law.

## COUNT I – DECLARATORY JUDGMENT
## NO COVERAGE DUE TO THE KNOWN OCCURRENCE ENDORSEMENT

48. HealthCap incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Coverage under the 2020 Policy does not apply to the claims made by Elizabeth Hall in the Underlying Lawsuit against the Hall Defendants by virtue of the application of the Known Occurrence Endorsement.

50. The Known Occurrence Endorsement states that the Professional Liability Coverage does not apply to bodily injury or personal injury, mental anguish, or emotional distress arising out of an occurrence or medical incident that was known or reasonably should have been known by HRW or any of its executive officers, partners, members, or senior managers of the HRW as of May 18, 2018.

51.   HealthCap has no duty to defend HRW and/or Joshua Williams against any suit seeking damages for injury to which the insurance does not apply.

52.   The Professional Liability Coverage does not apply to the claims brought by Elizabeth Hall in the underlying lawsuit because HRW and Joshua Williams, knew, or reasonably should have known, that Mr. Patterson's May 2017 suicide was an incident or circumstance that may lead to a claim.

53.   HealthCap has no duty to defend or indemnify HRW and/or Joshua Williams against the claims brought by Elizabeth Hall in the Underlying Lawsuit.

54.   As the duty to defend or indemnify Reliant and Wentric Williams, Sr. is derivative of a duty to defend or indemnify HRW, HealthCap has no duty to defend or indemnify Reliant and/or Wentric Williams in the Underlying Lawsuit.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Health Care Industry Liability Reciprocal Insurance Company RRG *d/b/a* HealthCap, requests the Court enter judgment:

a.   declaring HealthCap Policy No. HRG-TN-01-0073-SP-03 provides no coverage for the claims brought by Elizabeth Hall against HRW, Inc., *d/b/a* The Blessing Center, Reliant Care Management Company, L.L.C., Joshua Williams, and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the Known Occurrence Endorsement;

b.   declaring HealthCap has no duty to defend HRW, Inc., *d/b/a* The Blessing Center, Reliant Care Management Company, L.L.C., Joshua Williams, and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The*

11

*Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the Known Occurrence Endorsement;

  c. declaring HealthCap has no duty to indemnify HRW, Inc., *d/b/a* The Blessing Center, Reliant Care Management Company, L.L.C., Joshua Williams, and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the Known Occurrence Endorsement;

  d. awarding HealthCap its costs, including reasonable attorneys' fees, in this lawsuit; and

  e. awarding HealthCap such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – DECLARATORY JUDGMENT
## <u>NO COVERAGE DUE TO MATERIAL MISREPRESENTATIONS/RESCISSION</u>

  55. HealthCap incorporates by reference all preceding paragraphs as if fully set forth herein.

  56. Coverage under the 2020 Policy does not apply to the claims made by Elizabeth Hall in the Underlying Lawsuit against the Hall Defendants because HRW and Joshua Williams made material misrepresentations in the Original Application and Renewal Application that renders the 2020 Policy void.

  57. At the time HRW submitted the Original Application in May 2018, HRW represented that it was not "aware of any facts, incidents or circumstances that may lead to a claim."

58. At the time HRW submitted the Renewal Application in January 2019, HRW represented that it was not "aware of any facts, incidents or circumstances that may lead to a claim."

59. Both the Original Application and the Renewal Application cautioned "that failure to disclose known facts, incidents, or circumstances that subsequently lead to a claim may void coverage under your policy."

60. At the time HRW submitted the Original Application in May 2018 and the Renewal Application in January 2019, HRW and Joshua Williams knew, or reasonably should have known that Mr. Patterson's May 2017 suicide was an incident or circumstance that may lead to a claim.

61. HealthCap issued the policies of insurance to HRW, including the 2020 Policy, in reliance on the representations made by HRW on its Original Application and Renewal Application.

62. The truth of the information the Original Application and Renewal Application was of paramount importance to HealthCap's decision to issue the policies of insurance,

63. The policies of insurance, including the 2020 Policy, all provide that HealthCap may cancel the policy for "[f]raud or material misrepresentation affecting this policy."

64. HRW's misrepresentation in the Original Application was material because HealthCap reasonably relied on the HRW's representations in the Original Application in determining whether to issue a policy of insurance and the premiums for the policy.

65. HRW's misrepresentations in the Renewal Application was additionally material because HealthCap reasonably relied on the statement in the Renewal Application in determining whether to renew the policies and the premiums for the policies.

66. If HealthCap had known of the falsity of the representation by HRW in the Original Application and/or HRW's concealment of material facts, HealthCap would not have issued the policies and/or would have charged significantly higher premiums.

67. Because HRW made material misrepresentations in obtaining the policies from HealthCap, HealthCap has no duty to defend or indemnify HRW and/or Joshua Williams against the claims brought by Elizabeth Hall in the Underlying Lawsuit.

68. As the duty to defend or indemnify Reliant and Wentric Williams, Sr. is derivative of a duty to defend or indemnify HRW, HealthCap has no duty to defend or indemnify Reliant and/or Wentric Williams in the Underlying Lawsuit.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Health Care Industry Liability Reciprocal Insurance Company RRG *d/b/a* HealthCap, requests the Court enter judgment:

    a. declaring HealthCap Policy No. HRG-TN-01-0073-SP-03 void as a result of a material misrepresentation by HRW and Joshua Williams, and, therefore, the policy of insurance provides no coverage for the claims brought by Elizabeth Hall against HRW, Inc., *d/b/a* The Blessing Center, Reliant Care Management Company, L.L.C., Joshua Williams, and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the Cancellation Endorsement;

    b. declaring HealthCap Policy No. HRG-TN-01-0073-SP-03 void as a result of a material misrepresentation by HRW and Joshua Williams and, therefore, HealthCap has no duty to defend HRW, Inc., *d/b/a* The Blessing Center, Reliant Care Management Company, L.L.C., Joshua Williams, and Wentric Williams, Sr., in Case No. 21KN-

CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the Cancellation Endorsement;

  c. declaring HealthCap Policy No. HRG-TN-01-0073-SP-03 void as a result of a material misrepresentation made by HRW and Joshua Williams, and, therefore, as a result, HealthCap has no duty to indemnify HRW, Inc., *d/b/a* The Blessing Center, Reliant Care Management Company, L.L.C., Joshua Williams, and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the Cancellation Endorsement;

  d. awarding HealthCap its costs, including reasonable attorneys' fees, in this lawsuit; and

  e. awarding HealthCap such other and further relief as this Court deems just and proper under the circumstances.

### COUNT III – DECLARATORY JUDGMENT
### NO COVERAGE DUE TO THE CONTRACTUAL LIABILITY EXCLUSION

69. HealthCap incorporates by reference all preceding paragraphs as if fully set forth herein.

70. Coverage under the 2020 Policy does not apply to the claims made by Elizabeth Hall in the Underlying Lawsuit against Reliant and Wentric Williams, Sr., by virtue of the application of the exclusion for Contractual Liability.

71. The exclusion for Contractual Liability states that the insurance does not apply to an "'Injury' for which the insured is obligated to pay 'damages' by reason of the assumption of liability in a contract or agreement."

15

72. HealthCap has no duty to defend Reliant, and/or Wentric Williams, Sr., against any suit seeking damages for injury to which the insurance does not apply.

73. Reliant and Wentric Williams, Sr., seek coverage under the 2020 Policy for the claims brought by Elizabeth Hall pursuant to a provision in the RCF Agreement that, they claim, obligates HRW to pay damages by reason of the assumption of liability.

74. The 2020 Policy does not apply to any damages incurred by Reliant and Wentric Williams, Sr., for which HRW is obligated to pay by virtue of reason of the assumption of liability in the RCF Agreement.

75. HealthCap has no duty to defend or indemnify Reliant and/or Wentric Williams, Sr.,  against the claims brought by Elizabeth Hall in the Underlying Lawsuit.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Health Care Industry Liability Reciprocal Insurance Company RRG *d/b/a* HealthCap, requests the Court enter judgment:

    a. declaring HealthCap Policy No. HRG-TN-01-0073-SP-03 provides no coverage for the claims brought by Elizabeth Hall against  Reliant Care Management Company, L.L.C., and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the exclusion for Contractual Liability;

    b. declaring HealthCap has no duty to defend Reliant Care Management Company, L.L.C., and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the exclusion for Contractual Liability;

  c. declaring HealthCap has no duty to indemnify Reliant Care Management Company, L.L.C., and Wentric Williams, Sr., in Case No. 21KN-CC00001, *Elizabeth Hall v. HRW, Inc., d/b/a The Blessing Center,* presently pending in the Circuit Court of Knox County, Missouri by virtue of the exclusion for Contractual Liability.

  d. awarding HealthCap its costs, including reasonable attorneys' fees, in this lawsuit; and

  e. awarding HealthCap such other and further relief as this Court deems just and proper under the circumstances.

        Respectfully submitted,

        /s/ James D. Griffin
        James D. Griffin   33370(MO)
        Michele F. Sutton   57942(MO)
        SCHARNHORST AST KENNARD GRIFFIN, PC
        1100 Walnut, Suite 1950
        Kansas City, Missouri 64106
        Telephone: (816) 268-9418
        Facsimile :  (816) 268-9409
        Email: jgriffin@sakg.com
          msutton@sakg.com

        *Attorneys for Plaintiff Health Care Industry Liability Reciprocal Insurance Company RRG d/b/a HealthCap*